MILLS, Judge.
In Florida Department of Health & Rehabilitative Services v. Southern Energy, Ltd., 493 So.2d 1082 (Fla. 1st DCA), review denied, 501 So.2d 1283 (Fla.1986), (SEL I), this Court reversed a final judgment in a breach of contract action against the Florida Department of Health and Rehabilitative Services (HRS) which awarded $7.95 million in damages to Southern Energy, Ltd. (SEL). The trial court on remand entered an order granting summary judgment for SEL and awarding damages of $6,367,792. The trial judge stated in the order:
*1094 HRS is not required to pay damages for failure to accept delivery of the product for which no appropriation was made. However, the District Court held and this Court finds HRS is required to pay damages to the extent purchases were funded by legislative appropriation.... The Court further finds the total sums funded by legislative appropriation for the contract less the total sums which HRS actually paid to SEL is $6,367,792.00. (emphasis added).
The facts prior to remand are adequately stated in our earlier opinion. Following remand, SEL filed a second amended complaint. HRS answered and counterclaimed. SEL moved for summary judgment. HRS opposed the motion and filed a cross-motion for partial summary judgment. The trial court then entered its order denying HRS' motion for partial summary judgment and granting summary judgment for SEL.
HRS raises three issues for our consideration: (1) whether the “release and discharge” provision in the 1983 settlement agreement precludes damages for fiscal years 1982-83 and 1983-84; (2) whether the trial court erred in awarding damages without first finding a breach of contract; and (3) whether damages should be awarded for fiscal year 1985-86. We reverse based on issue (2) and leave issues (1) and (3) for determination on remand.
We held in SEL I that equitable estoppel was not a basis for liability as to purchases not funded by legislative appropriation given the “subject to appropriation” clause in the contract. But we left for the parties to argue in the trial court, for consideration on remand, whether there was “liability otherwise accruing under the contract for purchase of materials for which appropriation was made at a rate different from that previously agreed by the parties.” 493 So. 2d at 1082-83. Thus the purpose of the remand was for the trial court to consider that potential liability and to determine whether there were other breaches of contract, a determination that would necessarily include a finding in that tribunal as to whether HRS asserted valid, unwaived, and properly pled defenses to nonperformance. In short, with the exception of liability based on the theory of equitable estoppel as to purchases not funded by legislative appropriation, HRS’ liability remained as an issue to be litigated following SEL I. In that posture, the broad questions that should have been answered on remand were:
(1) IS THE FAILURE OF HRS TO PERFORM ITS OBLIGATIONS UNDER THE CONTRACT AS AMENDED SUBJECT TO VALID, UNWAIVED, AND PROPERLY PLED DEFENSES?
(2) KEEPING IN MIND THAT NONPERFORMANCE OF A CONTRACTUAL OBLIGATION DOES NOT CONSTITUTE A BREACH OF CONTRACT IF SUCH NONPERFORMANCE IS SUBJECT TO LEGAL EXCUSE, IN WHAT WAYS, IF ANY, DID HRS BREACH THE CONTRACT AS AMENDED, THAT IS, WHAT WAS THE EXTENT OF THE NONPERFORMANCE UNDER THE CONTRACT FOR WHICH THERE IS NO LEGAL EXCUSE, AND WHAT ARE THE DAMAGES FLOWING THEREFROM?
The trial court’s interpretation of SEL I reflected in that part of the order quoted herein was incorrect and led it to grant summary judgment and award damages without first making the factual and legal determinations essential to a finding of liability and a damage award for breach of contract. We therefore reverse the summary judgment in favor of SEL and remand with directions that the trial court enter judgment after a determination of these fundamental issues. Such determinations may be accomplished either partially or completely in summary judgment context if the trial court concludes there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, or it may be necessary to proceed to trial. That is also for the trial court to decide.
REVERSED and REMANDED for further proceedings.
SHIVERS and JOANOS, JJ., concur.